## Commonwealth v. Crooks

*Sherly Ann Dorney*, assistant district attorney, for the Commowealth.

*Barbara L. Krier*, for defendant.

ERB, *J.*, November 16, 1984—Defendant in this case has filed a petition in which he requests the dismissal of the charges filed against him.

Counsel have stipulated as to the facts which leaves only a determination by the court of the legal question raised by defendant. The facts, as stipulated, reveal that defendant as attending a private party. He indicated to some people who were present that he had to return to his place of employment to find out whether or not he had to work that evening and requested the use of an automobile in order to go to his place of employment for this purpose. The person, who was using the automobile in question with the permission of its·owner, gave permission to defendant to use the vehicle for the purpose stated. Defendant took the car, went to his place of employment, but then drove the vehicle beyond his place of employment and some few hours later, without having returned it to the party, was involved in an accident which caused complete destruction of the vehicle.

Section 3928 of the Crimes Code, Act of December 6, 1972, P.L. 1482, 18 Pa. C.S. §3927 provides: "(a) Offense Defined. — A person is guilty of a misdemeanor of the second degree if he operates the automobile, . . . of another without consent of the owner. (b) Defense. — It is a defense to prosecution under this section that the actor reasonably believed that the owner would have consented to the operation had he known of it."

The stipulated facts clearly establish that the person who was in possession of the automobile gave consent to the defendant to take and use it. While the stipulated facts disclose that defendant may have exceeded the scope of the consent, he took the vehicle into his possession and operated it initially with the consent of the owner, and at the time of the accident that consent had not been withdrawn. We do not believe that the thrust of the offense as defined by the language in the act addresses the situations where the use of an automobile exceeds the authority given by the owner, but where the automobile is used without authority given by the owner. Perhaps in an exceptional case where it is obvious from the facts as determined that the defendant clearly knew that his use of the motor vehicle was beyond any authority which might reasonably have been expected from the original authorization, there might be a violation of this section, but that is not before us in the present case.

We are satisfied that the stipulated facts do not support a prima facia case for violation of this section of the Crimes Code and accordingly, we enter the following

### ORDER

And now, this November 16 1984, defendant's motion to dismiss is granted and the charges against defendant in the above captioned matter are dismissed.